# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50366
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 31, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

OSMAN ERALDO AMAYA-TEJADA,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-842-1

Before JOLLY, BARKSDALE, and OWEN, Circuit Judges.

PER CURIAM:[*]

Osman Eraldo Amaya-Tejada challenges the sentence imposed following his guilty-plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326 (criminalizing illegal reentry after, *inter alia*, deportation). He claims the 46-month sentence is greater than necessary to meet the goals of 18 U.S.C. § 3553(a), and is, therefore, substantively unreasonable. Along that line, he contends: the presumption of reasonableness should not apply because the

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

illegal-reentry Sentencing Guideline § 2L.1.2 lacks an empirical basis; the Guideline provision applied double-counts his criminal history and overstates the seriousness of his offense, which he asserts is an international trespass; the sentence fails to reflect his personal history and characteristics; and the court failed to properly consider his motive for returning to the United States as mitigating the seriousness of his offense.

Although post-*Booker*, the Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

The 46-month sentence imposed for Amaya's illegal reentry offense was within the advisory-Guideline range, and is, therefore, entitled to the presumption of reasonableness. *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Amaya concedes our precedent forecloses his claim that the presumption of reasonableness does not apply because Guideline § 2L1.2 is not empirically based; he raises the issue only to preserve it for possible further review. *E.g., United States v. Duarte*, 569 F.3d 528, 529–31 (5th Cir. 2009). Our court has also rejected his double-counting and nonviolent-offense contentions. *Id.*; *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). Amaya's motive to earn money to pay for his ill mother's medical expenses is not sufficient to justify a lower sentence or to rebut the presumption of reasonableness. *E.g., United States v. Gomez-Herrera*, 523 F.3d 554, 565–66 (5th Cir. 2008). Amaya has not shown the district court failed

to consider any significant factors, gave undue weight to any improper factors, or clearly erred in balancing the sentencing factors. *E.g., United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

AFFIRMED.